An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN LARUE SCOTT,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN JOHNSON, DISTRICT JUDGE,
Respondents,
and
CLARK COUNTY DISTRICT
ATTORNEY,
Real Party in Interest.

No. 68393

FILED

DEC 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION

This original petition for a writ of mandamus challenges a vexatious-litigant determination and pre-filing injunction.

Petitioner Steven Scott was determined to be a vexatious litigant in 2014 and the district court entered a pre-filing injunction. The pre-filing injunction: (1) enjoins Scott from filing any action (with the exception of the postconviction petition for a writ of habeas corpus being litigated with the assistance of counsel) which arises out of or materially involves his conviction in this case and/or his "resulting custody status" without first obtaining leave of the court; (2) orders the clerk of the Eighth Judicial District Court to refuse any filings except for a petition for permission to file unless those filings are accompanied by an order granting Scott leave to file; (3) explains that proposed filings will not be set for hearing but transmitted to the chambers for screening of the merits; (4) explains that leave will be granted when the proposed filing contains only claims, defenses or arguments warranted by existing law or

by a reasonable argument for a change in law, does not contain allegations or information presented as fact for which evidentiary support is not available or is not likely to be discovered after further investigation, does not contain a claim or defense for an improper purpose (such as harassing the opponent or increasing the costs of litigation), is not repetitive or violative of a court order, and complies with Rule 11 of NRCP; and (5) provides that if no action is taken on a proposed filing within 30 days, the petition for leave to file is deemed rejected without the need for judicial action unless the court orders otherwise.

A challenge to a vexatious-litigant determination and pre-filing injunction may be raised in an original petition for a writ of mandamus. *See Jones v. Eighth Judicial Dist. Court,* 130 Nev., Adv. Op. 53, 330 P.3d 475, 478 (2014). In evaluating the district court's exercise of discretion, this court considers: (1) whether the petitioner received reasonable notice of and an opportunity to oppose the vexatious-litigant determination and pre-filing injunction; (2) whether the district court has created an adequate record for review of the vexatious finding and whether there were less onerous sanctions than a pre-filing injunction to curb repetitive and abusive activities; (3) whether the actions identified by the district court at step 2 show the petitioner to be vexatious, which requires a finding that the filings were without arguable factual or legal basis or filed with the intent to harass; and (4) whether the restrictive order is narrowly tailored to address the specific problem and sets forth an appropriate standard by which any future filings will be measured. *Id.* at 479-80. Because the vexatious-litigant determination is discretionary, this court must determine whether the district court arbitrarily or capriciously exercised its discretion. *Id.* at 480.

 

We conclude that the district court's order does not support a vexatious-litigant determination. The order finding Scott to be vexatious failed to adequately identify the filings that were without arguable factual or legal basis or which were filed with the intent to harass and abuse the court process. It is insufficient to simply list every filing by a litigant in making a vexatious-litigant determination. As noted in *Jones*, the purpose of the vexatious finding and any subsequent restrictive order "must be to curb vexatious litigation, not just litigiousness." *Id.* "The filings must be more than just repetitive or abusive—they must also be without an arguable legal or factual basis, or filed with the intent to harass." *Id.* The order specifically identifies only one claim that was repeated, a challenge to habitual criminal adjudication, but fails to identify the filings in which this claim was raised and fails to make the appropriate finding that these filings were without an arguable legal or factual basis or were filed with the intent to harass.[1]

Giving further cause for concern, the order states that "[t]he frivolous nature of Defendant's repeated filings are supported by their continuous denial by [the district] court, and by the subsequent affirmance of [the district] court's denial of Defendant's repeated filings by the Nevada Supreme Court." Again there is no citation to any specific filings

[1]Because the order does not identify the particular filings, it is not clear if Scott has raised this claim in recent court filings or if Scott ceased raising this claim at some point in the past, which would call into question the need for a restrictive order at this date. The order further states that Scott's continued assertion "of his alleged 'illegal confinement' can only be construed as bad faith litigation strategy designed to vex and harass the State and this court." However, no specific examples were given in support of this finding and thus it does not support a vexatious-litigant determination.

in support of this finding. This finding is problematic in that it conflates a frivolous claim with a determination that a claim lacked merit or was procedurally barred. *Jones* requires the court to find that the filings were without an arguable legal or factual basis or were filed with the intent to harass. *Id.* The fact that a petitioner was unsuccessful in litigating a particular filing is not a sufficient basis for a vexatious-litigant determination. Under these circumstances, we conclude that the vexatious-litigant determination was not supported by an adequate record.

We further conclude that the sanction imposed, the pre-filing injunction, was not narrowly drawn in this case. *Jones* specifically requires that any restrictive order be "'narrowly drawn to address the specific problem encountered,'" and *Jones* requires the court to consider any sanctions available that are less onerous than a restrictive order. *Id.* (quoting *Jordan v. State ex rel. Dep't of Motor Vehicles and Public Safety*, 121 Nev. 44, 61-62, 110 P.3d 30, 43-44 (2005)). *Jones* notes that when the specific problem is a litigant filing the same claim repeatedly, a restrictive order may be entered that prevents the litigant from raising that claim again. *Id.* As noted above, only one specific claim was identified as being frivolous—repeated challenges to the habitual criminal adjudication. Yet the injunction prohibits Scott from filing any documents challenging the validity of his judgment of conviction without permission of the court. This restrictive order fails to narrowly tailor the sanction. Further, Scott is prohibited from filing any documents challenging his "custody status." However, this language is unclear as to what types of challenges are covered under its umbrella and would likewise fail the requirement that the order be narrowly tailored.

While the restrictive order did provide an adequate measure for how future filings would be considered, the pre-filing injunction in this case included troubling language that "[a]ny 'Petition for Leave of Court to Permit Filing of Court Papers' will be deemed rejected, without the need for judicial action, on the 30th day after the date of each filing, unless the Court orders otherwise." This is problematic in that a litigant, or a reviewing court, would have no means of ascertaining whether the district court received the document, considered it, or exercised its discretion regarding the filing of a proposed document. The court must provide some manner of informing the litigant and creating a record that a document was rejected for filing. This provision is not supportable from the record.

Finally, we deny the State's request to dismiss this petition based upon the equitable doctrine of laches. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to VACATE ITS VEXATIOUS-LITIGANT FINDING AND PRE-FILING INJUNCTION.[2]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[2]Nothing in this order precludes the district court from conducting further vexatious-litigant proceedings and imposing sanctions that meet the stringent requirements of *Jones*.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Susan Johnson, District Judge
Steven Larue Scott
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A